607 F.2d 588
 M.M., a minor by her mother and next friend, C.M., and M.F.,
a minor by her mother and next friend, A.F.,
Plaintiffs-Appellants Cross-Appellee,
v.
Irving ANKER, Stephen R. Aiello, Joseph Barkan, Amelia Ash,
Robert Christen, Luis Rivera, James Regan, Isaiah Robinson,
Jr., Carlton Irish, Lester Speiser, Lucille Amicone, Stephen
Heitner, Ira Ewen, Jerome Katz, Alan Solo and John and Jane
Doe each Individually and in their official capacity, Defendants,
Stephen Heitner and Lucille Amicone, Defendants-Appellees
Cross-Appellants.
 Nos. 170, 171, Dockets 79-7368, 79-7391.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 15, 1979.
Decided Oct. 19, 1979.
 
 Richard Emery, New York City, New York Civil Liberties Union, for plaintiffs-appellants cross-appellee.
 Eugene B. Nathanson, New York City (Allen G. Schwartz, Corp. Counsel, L. Kevin Sheridan, New York City, of counsel), for defendants-appellees cross-appellants.
 Before KAUFMAN, Chief Judge, and FEINBERG and SMITH, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirm on Judge Dooling's opinion, reported at 477 F.Supp. 837, No. 78 C 492 (E.D.N.Y. Feb. 6, 1979).
 
 
 2
 For purposes of clarifying our holding, we note our agreement with Judge Dooling that there are searches in the school enclave that satisfy Fourth Amendment requirements when based on less than probable cause. Judge Dooling was also correct in finding that the initial decision to search M.M. was predicated on no more than mere suspicion that M.M. "might" have stolen some unidentified object. We recognize, however, that teachers have a unique relationship to their students, both in administering discipline as part of their educational function, and in protecting the well-being of all children in their care and custody. Accordingly, these interests justify greater flexibility when applying the Fourth Amendment in a school setting. See, e. g., Bellnier v. Lund, 438 F.Supp. 47, 53 (N.D.N.Y.1977); People v. Scott D., 34 N.Y.2d 483, 358 N.Y.S.2d 403, 315 N.E.2d 466 (1974) (Breitel, C. J.); Cf. Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).
 
 
 3
 We are also of the view that as the intrusiveness of the search intensifies, the standard of Fourth Amendment "reasonableness" approaches probable cause, even in the school context. Cf. Dunaway v. New York,--- U.S. ----, ----, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). Thus, when a teacher conducts a highly intrusive invasion such as the strip search in this case, it is reasonable to require that probable cause be present. We conclude Judge Dooling correctly held that defendants Heitner and Amicone failed to make this showing.